FRANCO, PLAINTIFF AND APPELLANT, *v.* MARTÍNEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action for Damages.

No. 2112.—Decided March 28, 1921.

LIBEL—DAMAGES—PRIVILEGED COMMUNICATIONS.—It is true that communications addressed to a court are privileged and not actionable as libelous, but the privilege exists in so far as the imputations which they contain are made in good faith and not when they are false, malicious and without probable cause, but written with the wilful purpose of damaging another person. The privilege only destroys the presumption of malice which the libelous words carry with them and places the burden of proving malice upon the ·plaintiff. The privilege is for those who honestly make use of it, but it has not been established as a refuge for libelous persons or to deprive honest persons of protection.

ID.—SPECIFIC DAMAGES.—When the words used are libelous *per se* it is not necessary to allege or prove specific damages.

The facts are stated in the opinion.

*Mr. Juan B. Soto* for the appellant.

*Mr. V. P. Martínez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal taken by the plaintiff from a judgment of the District Court of San Juan, Section 1, in so far as it dismissed his complaint.

Plaintiff Carlos Franco Soto is an attorney-at-law and notary public who has been in active practice in this Island

for more than fourteen years and in consequence of a certain action which he was prosecuting as an attorney against defendant Víctor P. Martínez, also an attorney, the latter, on April 27, 1918, drafted and filed in the Supreme Court a complaint, sworn to by him before the Municipal Judge of Aguadilla, against Carlos Franco Soto, praying that he be suspended from the practice of his profession by reason of the acts charged. After a report by the *Fiscal* of this court, the complaint was dismissed. Thereafter Martínez sent copies of the complaint to attorneys José Tous Soto, a Senator, and Miguel Guerra Mondragón, who received and read it.

We will not transcribe the whole complaint because it is very lengthy, but principally because we do not care to have appear in the pages of our reports all of the charges made by Martínez against attorney Franco Soto. It is sufficient to condense his accusations as follows: That, taking advantage of his professional character and of his knowledge as such of the acts and contracts of one of his clients and for the purpose of unlawfully benefitting himself, the appellant brought an action by imposing upon the ignorance of a woman whom he deceived and induced to believe that she had certain rights, knowing positively that she had not; that he maliciously petitioned the court for an injunction based on false and artful premises and prompted the woman to swear falsely that they were true and that she had read the petition, although she could neither read or write, and that, pursuing his course of deceit, he maliciously, unscrupulously and craftily drafted another petition containing false allegations which he held out as true when he well knew the contrary. This is the tenor of the complaint whose other particulars are omitted.

Franco Soto having brought an action for libel against Martínez to recover the sum of $40,000 as damages caused him by the publication of the language and charges contained

in the said complaint, the lower court, after trial, entered judgment dismissing the complaint on the ground that although the facts were proved as stated and the charges made in the complaint were false and written maliciously and without probable cause and with the intent of offending, insulting and injuring the plaintiff in his good name and reputation, albeit his high standing has suffered nothing in the eyes of the courts and of the general public and his credit has not been affected as a result of the defendant's acts, yet judgment could not be recovered against the defendant because swearing to the complaint before a public official did not constitute publication; because when the complaint was filed in the Supreme Court it became a public document, according to the law, and therefore the sending of copies of it to other persons did not amount to publication, because it did not change the real character of the document, and also because on the evidence examined the court could not find that damages were suffered to the amount claimed.

The three grounds which the court stated for not giving judgment against the defendant are alleged by the appellant to be erroneous.

We agree with the trial court that the fact that the appellee verified before the municipal judge the complaint which he afterwards filed in the Supreme Court against the appellant, the law requiring that it be made under oath, does not constitute publication of the libelous language which it contains; nor does its delivery to the secretary of this court, for these were acts necessary for filing the said complaint which, being addressed to a court, was privileged; but we do not accept the other two grounds on which the said court based its judgment dismissing the complaint.

We have no doubt that the words and language used by the appellee in his complaint against the appellant are libelous *per se,* for besides being, as the lower court found, false, malicious and without probable cause, they charge him

with the commission of felonious acts penalized by our laws and were written with the intent to injure him by imputing to him conduct incorrect and improper in an attorney in the practice of his profession. *Brooker* v. *Coffin*, 4 Am. Dec. 337, and note on that case in 12 Am. Dec. 41 and 43; 9 Eng. R. C. 11; Newell on Slander and Libel, 112, 200. And when the libelous language is actionable *per se* it is not necessary to allege or prove specific damages. See the above citations and also *Rivera* v. *Martínez*, 26 P. R. R. 692, and 17 R. C. L. 264, 430.

It is true that communications addressed to a court are privileged and can not be made the subject of an action for libel, but the privilege obtains only in so far as the charges are made in good faith, and not when they are false, malicious and without probable cause, or written for the purpose of wilfully injuring or damaging another person, as was found in this case by the trial court. The privilege only removes the presumption of malice which the words libelous *per se* carry with them and impose upon the plaintiff the burden of proving malice. *White* v. *Nicholls et al.* and *White* v. *Addison*, 44 U. S. 301. The privilege is available to those who honestly make use of it, for it is not established as a refuge for libelous persons and for the purpose of leaving honest persons without protection. *Randall* v. *Hamilton*, 45 La. Ann. 1190, 22 L. R. A. 649.

There is another reason why the privilege does not exist in this case, and it is that the defendant gave unnecessary publicity to the contents of his complaint by sending copies of it to Tous Soto and Guerra Mondragón after having filed it in this court, for the privilege granted by law is with regard to the court, but not with respect to the said persons, and such publication is also proof of malice. *Sheftall* v. *Central R. Co.*, 123 Ga. 589; *Harris* v. *Zanone*, 93 Cal. 60; notes in 52 L. R. A. 1109; 20 L. R. A. 362; *Doane* v. *Grew*, L. R. A., 1915 C, 776; Newell on Slander and Libel, 570, 641.

The language of the complaint being therefore libelous *per se,* the appellant having given publicity thereto by sending copies to persons. distinct from the court, and it having also been written falsely, maliciously and without probable cause for the sole purpose of injuring the plaintiff and damaging him in his business, judgment must be given against the defendant for such a sum as this court may deem just, even without proof of specific damages.

The judgment appealed from also dismissed the counterclaims of the defendant, but this part of it was not appealed from; therefore we can not consider it, notwithstanding the fact that in his brief the appellee asks for its reversal.

For all of the foregoing, and considering that the sum of five thousand and one dollars is a fair indemnity for the plaintiff, the judgment in this case should be reversed in so far as it dismissed the complaint and as to the costs, and modified in these. respects so as to sustain the complaint and adjudge that Víctor P. Martínez González pay to the plaintiff the sum of five thousand and one dollars as damages, and the costs.

*Reversed and substituted.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Del Toro took no part in the decision of this case.