FRANCO, DEMANDANTE Y APELANTE, v. MARTÍNEZ, DEMANDADO
Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre daños y perjuicios.

No. 2112.—Resuelto en marzo 28, 1921.

LIBELO—DAÑOS Y PERJUICIOS POR LIBELO—COMUNICACIONES PRIVILEGIADAS.—Es
cierto que las comunicaciones dirigidas a un tribunal de justicia son privile-
giadas e impiden la acción de libelo, pero el privilegio existe en tanto en
cuanto las imputaciones que contienen son hechas de buena fe mas no
cuando son falsas, maliciosas y sin causa probable, escritas con el fin de
causar injuria y daño voluntario a otra persona. El privilegio sólo quita la
presunción de malicia que las palabras libelosas *per se* llevan consigo e im-
pone sobre el demandante la prueba de la malicia. El privilegio existe para
aquéllos que honestamente usan de él porque no se ha establecido para re-
fugio de personas libelosas y para que las honradas queden privadas de pro-
tección.

ID.—DAÑOS ESPECÍFICOS.—Cuando las palabras son libelosas *per se* no es necesa-
rio alegar ni probar daños específicos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan B. Soto.*

Abogado del apelado: *Sr. V. P. Martínez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

El recurso que vamos a considerar fué interpuesto por
el demandante contra la sentencia de la Corte de Distrito de
San Juan, Sección Primera, en cuanto declaró sin lugar su
demanda.

El demandante Carlos Franco Soto es abogado y notario
público con ejercicio en esta Isla por más de catorce años,
y como consecuencia de cierto pleito que como abogado se-
guía contra el demandado Víctor P. Martínez, también abo-
gado, éste redactó y juró ante el Juez Municipal de Agua-
dilla el 27 de abril de 1918 un escrito de querella contra
Carlos Franco Soto que presentó en este Tribunal Supremo
con el fin de que dicho abogado fuera suspendido en el ejer-
cicio de su profesión por virtud de los hechos que le impu-
taba (*disbarment*), querella que previo informe del fiscal de

este tribunal fué archivada por orden nuestra. Copia de esa querella la remitió después Martínez a los abogados José Tous Soto, Senador, y Miguel Guerra Mondragón quienes la recibieron y leyeron.

No transcribiremos íntegramente el contenido de ese escrito de querella por ser muy extenso, pero principalmente porque no figuren en las páginas de nuestras colecciones todos los conceptos vertidos por Martínez contra el abogado Franco Soto y nos bastará decir que imputa al apelante que abusando de su carácter profesional de abogado y del conocimiento que como tal tenía de los actos y contratos de un cliente suyo, para beneficiarse de una manera ilegal, promovió un pleito valiéndose de la ignorancia de una mujer a la que embaucó y engañó haciéndola creer que tenía ciertos derechos, sabiendo y constándole que no los tenía; que maliciosamente hizo una petición de *injunction* al tribunal basada en hechos falsos y amañados e hizo que dicha mujer jurara falsamente que eran ciertos y que había leído la petición cuando ella no sabía leer ni escribir y que, siguiendo su obra de engaño, malicia y de manera torcida y amañada, redactó también otra solicitud alegando hechos falsos y los sostuvo como verdaderos, constándole todo lo contrario. De este tenor es el escrito de querella cuyos otros particulares omitimos.

Habiendo demandado Franco Soto a Martínez en acción de libelo para que le pague la cantidad de $40,000 como indemnización por los daños que le ha causado con la publicación de las palabras y conceptos contenidos en dicho escrito de querella y celebrado el juicio correspondiente la corte inferior dictó sentencia declarando sin lugar la demanda, fundándose en que si bien están probados los hechos que antes hemos expuesto y que las imputaciones contenidas en el escrito de querella son falsas y han sido establecidas y escritas maliciosamente y sin causa probable, con el propósito de ultrajar, injuriar y perjudicar al demandante en su buen nom-

bre y reputación, a pesar de lo que nada ha sufrido en su limpia reputación ante los tribunales y ante el público en general, ni su crédito ha sufrido por consecuencia de los actos del demandado, sin embargo no procedía la condena por no constituir publicación el juramento de la querella ante un funcionario público; porque desde el momento en que la querella fué radicada en este Tribunal Supremo era un documento que por disposición de la ley, tenía publicidad por lo que la remisión de copias de ella a otras personas no constituye publicación, porque no da al documento un carácter que no tuviera, y también porque no podía declarar probada la existencia de perjuicios por la cantidad reclamada con la prueba que se presentó.

Las tres razones que la corte inferior tuvo para no condenar al demandado se alega por el apelante que son erróneas.

Estamos conformes con el juez sentenciador en que el hecho de haber jurado el apelado ante el juez municipal la querella que presentó en este Tribunal Supremo contra el apelante, que por disposición de la ley tenía que ser jurada, no es constitutiva de publicación de las palabras libelosas que contiene ni tampoco su entrega al secretario de este tribunal porque eran actos necesarios para la presentación de dicha querella, que por estar dirigida a un tribunal tiene carácter privilegiado, pero no estamos conformes con los otros dos motivos que tuvo dicho juez para declarar sin lugar la demanda.

No tenemos duda alguna de que las palabras y conceptos escritos por el apelado en su querella contra el apelante son injuriosos *per se* porque siendo, según declaró la corte inferior, falsos, maliciosos y escritos sin causa probable, le imputan la comisión de hechos constitutivos de delitos graves castigados por nuestras leyes y también fueron escritos para perjudicarle atribuyéndole conducta incorrecta e impropia de un abogado en el ejercicio de su profesión. *Brooker* v. *Cof-*

*fin,* 4 Am. Dec. 337 y notas al mismo en 12 Am. Dec. 41 y 43. 9 Eng. R. C. L. 11. *Newell on Slander and Libel,* páginas 112 y 200. Y cuando las palabras libelosas son accionables *per se* no es necesario alegar ni probar daños específicos. Véanse las citas anteriores y el caso de *Rivera v. Martínez,* 26 D. P. R. 760, 17 R. C. L. 264 y 430.

Es cierto que las comunicaciones dirigidas a un tribunal de justicia son privilegiadas e impiden la acción de libelo, pero el privilegio existe en tanto en cuanto las imputaciones que contienen son hechas de buena fe más no cuando son falsas, maliciosas y sin causa probable, escritas con el fin de causar injuria y daño voluntario a otra persona, como ha ocurrido en este caso según la corte sentenciadora. El privilegio sólo quita la presunción de malicia que las palabras libelosas *per se* llevan consigo e impone sobre el demandante la prueba de la malicia. *White v. Nicholls* y *White v. Addison,* 44 U. S. 301. El privilegio existe para aquéllos que honestamente usan de él porque no se ha establecido para refugio de personas libelosas y para que las honradas queden privadas de protección. *Randall v. Hamilton,* 45 La. Ann. 1190, 22 L. R. A. 649.

Tampoco existe el privilegio en este caso por haber dado el demandado publicación innecesaria al contenido de su querella enviando copia de ella al Sr. Tous Soto y al Sr. Guerra Mondragón después de haberla presentado en este tribunal, pues el privilegio establecido por la ley es para con el tribunal, pero no para con dichas personas, siendo, también, tal publicación prueba de malicia. *Shefhall v. Central R. Company,* 123, Ga. 589; *Harris v. Zanone,* 93 Cal. 60. Notas en 52 L. R. A. 1109; 20 L. R. A. 362. *Doane v, Grew,* L. R. A. 1915 C. 776. *Newell on Slander and Libel,* páginas 570, 641.

Siendo, pues, libelosas *per se* las palabras del escrito de querella, habiéndolas publicado el apelante enviando copias a personas distintas del tribunal y siendo, además, escritas

falsamente, con malicia y sin causa probable, con el sólo objeto de injuriar al demandante y de perjudicarle en sus negocios, procede la condena del demandado por la cantidad que estime justa este tribunal aún sin prueba de perjuicios específicos.

La sentencia recurrida declara también sin lugar las reconvenciones del demandado, pronunciamiento que no ha sido apelado por lo que no podemos considerarlo a pesar de que el apelado nos pide en su alegato que lo revoquemos.

Por todo lo expuesto y estimando que la cantidad de cinco mil un dólares es una justa indemnización para el demandante, la sentencia en este pleito debe ser revocada en cuanto declara sin lugar la demanda y en cuanto a las costas, debiendo quedar modificada en esos particulares para declarar con lugar la demanda y condenar a Víctor P. Martínez González a pagar al demandante la cantidad de cinco mil un dólares, como indemnización, y las costas.

> *Revocada la sentencia apelada, declarándose con lugar la demanda y condenado el demandado a pagar al demandante $5,001 como indemnización.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la vista de este caso.