Isaac García Ramírez, demandante y apelante, *v.* Ramón Córdova y Francisco Cintes, demandados y apelados.

No. 5549.—*Sometido:* Noviembre 24, 1931. *Resuelto:* Marzo 28, 1932.

*R. Rivera Zayas* y *R. Díaz Cintrón,* abogados del apelante: *Artemio P. Rodríguez,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta es una acción por libelo y calumnia en la que se reclama indemnización contra Ramón Córdova y contra Francisco Cintes. Al resolver la Corte de Distrito de Bayamón una excepción previa opuesta a la demanda declaró que no alegaba causa de acción contra Francisco Cintes y que en cuanto a Ramón Córdova no aducía hechos con respecto a la publicación del libelo porque el mero hecho de jurar la declaración ante un funcionario no constituye publicación y en consecuencia declaró con lugar la excepción previa en cuanto a él, aunque concediendo permiso para que la demanda fuese enmendada. El demandante solicitó que se dictase sentencia y así lo hizo la corte declarando sin lugar la demanda en cuanto a los dos demandados. Esta es la sentencia apelada.

En la demanda se alega substancialmente que el demandado Ramón Córdova era en 1922 y sigue siendo presidente de la corporación Compañía Popular de Transporte, Inc., dedicada a explotar el servicio de transportar pasajeros y carga entre San Juan, Cataño y Bayamón y que Francisco Cintes era en 1922 y sigue siendo jefe de tráfico de dicha corporación: que el demandante entró en 1922 a prestar servicios a dicha corporación como jefe de la estación de Bayamón; que en noviembre de 1922 presentó la renuncia de su cargo a la junta directiva por manifestaciones que le hizo Francisco Cintes de que el Sr. Córdova estaba muy interesado en que cesara en su cargo, y le fué admitida: que hizo su renuncia sin existir motivo deprimente ni de indignidad sino por rozamientos políticos tenidos con el Sr. Córdova y que al ser aceptada su renuncia por la dirección de la compañía

ésta le escribió lamentando la pérdida de sus servicios: que en 1930 y en ocasión en que el demandante era candidato para el cargo de Juez de Paz de Cataño y su nombre estaba siendo considerado para ese cargo por el Gobernador de esta Isla, los demandados ilegal, voluntaria, maliciosamente y con el propósito deliberado y maligno de difamar al demandante suscribieron, juraron y publicaron dos declaraciones juradas (*affidavits*) que se copian en su demanda según aparecen del libro registro del Juez de Paz de Cataño, las que no transcribimos literalmente, apareciendo del asiento referente a Córdova que manifestó en la declaración que juró ante el Juez de Paz de Cataño que siendo el demandante jefe de la estación de Bayamón realizó allí actos carnales con una mujer e intentó cometer con ella delito contra natura por cuyo motivo le fué pedida la renuncia de su cargo como jefe de la estación de Bayamón: y del asiento referente a Cintes que recibió órdenes del Sr. Córdova de practicar una investigación sobre la queja hecha por una mujer imputando al demandante que siendo jefe de la estación de Bayamón realizó allí actos carnales con ella e intentó realizar acto contra natura, por lo que la compañía le pidió la renuncia de su cargo: que dicho libro registro es público, siendo vistas esas constancias por el secretario de la expresada corte y por otras personas: que tales declaraciones son falsas y hechas para perjudicarle: que como consecuencia de ellas no fué nombrado para el cargo de Juez de Paz de Cataño y que ha sufrido perjuicios que estima en la cantidad que fija en su demanda.

Dicen los apelados que el libro registro del juez de paz no copia literalmente las palabras de sus declaraciones juradas y que ellos no pueden ser responsables de la relación que de ellas consigna el juez de paz en su registro porque no han intervenido en su redacción, que puede ser equivocada.

Nuestra ley de 12 de marzo de 1908 estableciendo un registro de declaraciones juradas (*affidavits*) ante notario y

otros funcionarios, enmendada en 1910, ordena que tales funcionarios lleven un registro de ellas en notas concisas en las que harán constar la naturaleza del acto autenticado ante ellos; y en cumplimiento de esa ley fué que el expresado juez hizo los dos asientos insertos en la demanda, los que tienen que considerarse como exactos *prima facie,* mientras no se pruebe lo contrario. Si de las constancias de un registro de declaraciones juradas (*affidavits*) aparece que a una persona se le ha imputado la tentativa de cometer un delito grave, como en este caso, el perjudicado tiene acción para reclamar contra los autores de tal imputación o difamación.

No dice la demanda que esas declaraciones fueron prestadas para ser entregadas al Gobernador con el fin de evitar que nombrase al demandante Juez de Paz de Cataño, pero aunque para eso se hicieran, lo que parece deducirse de la alegación de que a consecuencia de ellas no se hizo su nombramiento, aun así no resultan privilegiadas porque no eran necesarias para impedir su nombramiento. Lo mismo pudo decirse o escribirse al Gobernador sin llevar tales cosas a un registro público. En el caso de *Franco* v. *Martínez,* 29 D.P.R. 237, dijimos que la declaración que fué jurada ante un juez municipal conteniendo materia libelosa no constituía publicación porque era necesaria la declaración jurada para el procedimiento que en este tribunal promovió el que la juró: caso que se distingue del presente porque no existe precepto legal, ni se nos cita, que requiera que sea jurada la oposición que se haga al nombramiento de una persona para un cargo público, por lo que al presentar los apelados sus declaraciones escritas para jurarlas hicieron públicas ante el juez las manifestaciones libelosas que contienen, según la nota que de ellas puso el juez en su registro. En consecuencia en la demanda se alega que la publicación fué hecha al decir que fué escrita, jurada y publicada ante dicho juez y por tanto la última palabra no es una conclusión de derecho sino consecuencia del hecho alegado. Por igual razonamiento no existe privilegio en esa publicación.

Lo dicho se refiere a la demanda en cuanto a los dos demandados pero tenemos que decir algo especial en cuanto al apelado Cintes. Es cierto que él no dijo en su declaración que el apelante realizó los actos libelosos y difamatorios que una persona le atribuyó, pero no sólo publicó dichas manifestaciones sino que las dió por ciertas al manifestar que por ese motivo le fué pedida la renuncia de su cargo.

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos.*