DOWNING *vs.* WILSON.

[SLANDER FOR WORDS SPOKEN IMPUTING WANT OF CHASTITY.]

1. *What words are actionable.*—To say of a female, that a certain man *"keeps her,"* involves a charge of illicit sexual intercourse, when the words are understood in their ordinary, popular acceptation; consequently, under the Code, (§ 2220,) the words are, *per se,* actionable.

Downing v. Wilson.

Appeal from the Circuit Court of Talladega.
Tried before the Hon. John Gill Shorter.

The complaint in this case was in these words:

"Elizabeth Wilson 〉 The plaintiff claims of the de-
      vs.        〉 fendant twenty thousand dol-
Matthew Downing. 〉 lars, as damages for falsely and
maliciously charging plaintiff with a want of chastity, by
speaking of and concerning her, in the presence of divers
persons, in substance as follows: 'I am not afraid to say
that Jemison Ware is keeping her (meaning plaintiff) in
adultery'; 'I believe that Jemison Ware kept her in adul-
tery'; 'I believe that Jemison Ware keeps her in adultery';
'I believe that Ware keeps her'; 'Bud (meaning defend-
ant's son) and Edmund Wilkinson acknowledged that
they gave it as their opinion that Jemison Ware was keep-
ing the widow Wilson, (meaning plaintiff,) and I am not
afraid to say so myself, for I believe it, and if she wants
her character, she shall have it';—thereby, and by each
and all of the foregoing expressions, imputing to plaintiff
a want of chastity, on (to-wit) the 1st August, 1856, and
on divers other days between that time and the commence-
ment of this suit."

The defendant demurred to the entire complaint, "and
to each specification thereof separately; the plaintiff waiv-
ing a specification of the grounds of demurrer, and join-
ing in the demurrer." The court overruled the demurrer,.
and its judgment is here assigned as error.

L. E. Parsons, for the appellant, cited Smith v. Gaffard,
31 Ala. 45; Kirksey v. Fike, 29 Ala. 206; Robinson v.
Drummond, 24 Ala. 174.

O. M. Watkins, contra, cited Thirman v. Matthews,
1 Stew. 384; Hogg v. Dorrah, 2 Porter, 213; Coburn v..
Harwood, Minor, 94; Davis v. Johnston, 2 Bailey, 579;.
Mix v. Woodward, 12 Conn. 262.

R. W. WALKER, J.—Whatever may have been the
old doctrine on the subject, the rule is now well estab-

lished, that in actions of this kind the words charged as slanderous are to be understood by courts and juries, as by the rest of society, in their plain and common acceptation; in other words, according to their popular use and obvious import; and a forced construction is not to be put upon them, in order to relieve the defendant from the action.—Hogg v. Dorrah, 2 Porter, 218; Coburn v. Harwood, Minor, 93; Hugley v. Hugley, 2 Bailey, 592. The words *"keep"* and *"kept"* have, undoubtedly, several meanings; their precise signification in any given case depending on the context of which they form a part, or the circumstances under which they are used. But when it is said in reference to a female, that a certain man *"keeps her,"* the ordinary and popular interpretation of the expression is, that the relation between the parties is one which involves illicit intercourse. This has been the popular sense of the word, when thus used, at least as far back as the last century. In Lord Mansfield's youthful days, one of the Reverend Bench of Bishops having charitably established an alms-house, at his own expense, for twenty-five poor women, Mr. Murray was applied to for an inscription, to be placed over the portal of the house; upon which he took up his pencil, and immediately wrote the following: "Under this roof, the Lord Bishop of —— keeps no less than twenty-five women." We are not informed that the inscription proved acceptable. If it had been adopted, and carved in enduring marble over the portal, there is but little doubt that the reputation of the reverend prelate for pure morals would have suffered in the estimation of posterity.—See Carslake v. Mapledoram, 2 Term R. 472. As the words objected to involved a charge of a want of chastity, they were, under the Code, (§ 2220,) actionable *per se*.

Judgment affirmed.