(106 So. 70)

## POLYTINSKY v. LINDSEY.   (8 Div. 356.)

(Court of Appeals of Alabama.   Oct. 27, 1925.)

I. Appeal and error &⟶917(2)—Reviewing tribunal will presume that lower court did not err in overruling demurrer.

Reviewing tribunal will presume that lower court did not err in overruling demurrer, where no demurrer appeared in the record.

2. Pleading &⟶204(2)—Demurrer to entire complaint properly overruled if any of counts are good.

Demurrer to entire complaint, composed of 12 separate counts, will be properly overruled if any of the counts are good.

3. Chattel mortgages &⟶117—Crop mortgage did not cover crops acquired by mortgagor subsequent to execution of mortgage.

Mortgage covering crops raised by mortgagor in a certain year *held* not to cover crops acquired by mortgagor on another place subsequent to execution of mortgage.

4. Chattel mortgages &⟶229(3)—Burden was on plaintiff to show that cotton purchased by defendant was covered by mortgage under which plaintiff claimed title.

In trover for cotton purchased by defendant and subject to plaintiff's mortgage, burden was on plaintiff to show that such cotton was covered by mortgage under which he claimed title.

5. Chattel mortgages &⟶229(3)—Plaintiff not entitled to recover, where no evidence that cotton purchased by defendant was covered by mortgage under which plaintiff claimed title.

In trover for cotton purchased by defendant and subject to plaintiff's mortgage, plaintiff *held* not entitled to recover, where there was no evidence identifying such cotton as being the cotton covered by mortgage under which plaintiff claimed title.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action in trover by J. W. Lindsey against A. Polytinsky.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Sample & Kilpatrick, of Hartsells, for appellant.

Defendant was entitled to the affirmative charge, and its refusal was error.   Johnson v. Coosa Mfg. Co., 16 Ala. App. 649, 81 So. 141; First Nat. Bank v. Harden, 17 Ala. App. 165, 82 So. 655.

Tennis Tidwell, of Albany, for appellee.

The affirmative charge should never be given for defendant, where there is any evidence tending to establish plaintiff's case. Schmidt v. Joseph, 65 Ala. 475; Seals v. Holloway, 77 Ala. 344; Gillespie v. Battle, 15 Ala. 276; Payne v. Mathews, 92 Ala. 585, 9 So. 605.

SAMFORD, J.   [1, 2] The judgment entry recites: "Defendant demurs to complaint as amended."   No such demurrer appears in the record, and hence we presume the court did not err in overruling this demurrer.   Moreover, according to the recitals in the judgment, the demurrer went to the entire complaint, composed of 12 separate counts.   If any of the counts were good, and we think they all are, any demurrer going to the en-

tire complaint would be properly overruled.

[3-5] The plaintiff held a mortgage given by one Sharpley on crops raised by him in 1920. Sharpley had crops on two places during the year 1920. As to one of these places (the Weir place), plaintiff's mortgage was valid and binding; as to the other (the Bolden place), plaintiff's mortgage was not valid, Sharpley having acquired the crops on the Bolden place subsequent to the execution of the mortgage. There is no evidence identifying the cotton and cotton seed bought by defendant as being cotton raised on the Weir place. The burden is on plaintiff of showing by the evidence that the cotton purchased by defendant was covered by the mortgage under which he claimed title. The defendant was entitled to the general charge. First National Bank of Alex. City v. Harden, 17 Ala. App. 165, 82 So. 655; Johnson v. Coosa Mfg. Co., 16 Ala. App. 649, 81 So. 141.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.