(116 So. 108)

POOLE et al. v. NEW.   (8 Div. 607.)

Court of Appeals of Alabama.   Nov. 8, 1927.

Rehearing Denied March 20, 1928.

A. J. Harris, of Decatur, for appellants.

John R. Sample, of Hartselle, and Tennis Tidwell, of Albany, for appellee.

RICE, J. C. E. Poole was the sheriff of Morgan county. Jody Walker was one of his regular deputies. The American Surety Company of New York was the surety on C. E. Poole's official bond. Jody Walker arrested appellee wrongfully, without a warrant. Later he swore out a warrant for appellee, purporting to charge him with the offense of vagrancy. The prosecution thus instituted was dismissed. Appellee then brought this suit in four counts against Poole, Walker, and the bonding company jointly. From a judgment in his favor, this appeal is prosecuted by the American Surety Company of New York and C. E. Poole.

 The first two counts of the complaint claim, clearly, damages as for false imprisonment, and were not subject to demurrer. Deason v. Gray et al. (two appeals) 189 Ala. 672, 66 So. 646; Id., 192 Ala. 611, 69 So. 15.

There are two sets of demurrers to the complaint incorporated into the record. The first is the demurrer of the defendants Walker and Poole, and in which is incorporated the separate demurrer of the defendant Poole to counts 3 and 4. The demurrer of the defendants Walker and Poole is addressed as follows:

"The defendants Poole and Walker separately and severally for demurrer to the complaint in the foregoing cause and to each count thereof separately and severally assign the following as causes."

The demurrer of the defendant Poole to counts 3 and 4 and incorporated in this demurrer is addressed in this way:

"C. E. Poole demurs to counts 3 and 4 of the complaint separately and severally for that."

This demurrer was filed on November 2, 1925. The second demurrer was filed on the 26th day of August, 1926, by all of the defendants, and it is addressed in this manner:

"The defendants separately and severally for demurrer to the complaint in the foregoing cause and to each count thereof separately assign the following as causes."

Incorporated in this demurrer is the separate demurrer of the defendants Poole and the Surety Company to counts 3 and 4, which is addressed as follows:

"The American Surety Company and C. E. Poole separately demur to counts 3 and 4 of the complaint for that."

The recital in the judgment of the lower court on the pleading is in this language:

"Came the parties by their attorneys, and the defendants, C. E. Poole and Jody Walker, demur to the complaint. And said demurrer being duly considered by the court, it is ordered and adjudged that the same be and it is hereby overruled. Thereupon the defendant American Surety Company waives its plea in abatement and demurs to the complaint, and said demurrer being duly considered by the court, it is ordered and adjudged that this demurrer be and it is hereby overruled."

Upon reconsideration we hold that the above judgment entry does not present for review the action of the trial court, if such action there was, in overruling the separate demurrers of appellants to counts 3 and 4 of the complaint. Polytinsky v. Lindsey, 21 Ala. App. 128, 106 So. 70; Berkowitz v. Farrell, 19 Ala. App. 196, 95 So. 916; Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239; Railway Co. v. Ashley, 159 Ala. 145, 48 So. 981.

Witness J. L. Draper, shown to be the clerk of the circuit court in the county where appellant C. E. Poole was sheriff, was asked the following question by appellee:

"Was C. E. Poole around the office much, or does he leave all that work (referring to the sheriff's office) to his brother Frank?"

The bill of exceptions, next after this question has the following:

"The defendants *objection*, the court overrules it, and the defendants *accepted*."

Appellee argues that this objection and exception are unintelligible, and present nothing to us for review. Perhaps so. But immediately succeeding this it appears that the same witness was asked by appellee:

"Is it not a fact that Sheriff Poole had a business—personal business—that he devoted most of his time to at that time?"

Appellants, along with the other defendant, interposed timely objection to this question, which was overruled. They duly reserved an exception, and the witness answered: "Yes, sir."

The action of the trial court described was, we hold, reversible error. Whether or not appellant Poole, the sheriff, had at the time inquired about an outside business to which he devoted a part, or most, of his time did not change or alter in any respect the rule as to his liability vel non in actions of this kind. The testimony admitted was wholly immate-

rial as to each defendant, and was calculated to be very hurtful, especially as to Poole. For the error in admitting this testimony the judgment will be reversed and the cause remanded.

Other questions, involving only elementary legal propositions, and not being likely to arise on another trial, will not be considered. The opinion hereinabove is substituted for the original opinion in this case, and the application for rehearing is overruled.