142 So. 424

## ADAMS v. ALABAMA LIME & STONE CORPORATION et al.

6 Div. 962.

Supreme Court of Alabama.

March 31, 1932.

Rehearing Denied June 9, 1932.

Horace C. Wilkinson, pro se., of Birmingham, for appellees.

See, also, 222 Ala. 538, 133 So. 580.

W. A. Denson, of Birmingham, for appellant.

GARDNER, J.

The action is libel. Though only partially exhibited in the complaint, it appears that the language of which complaint is here made consisted of averments in a bill of complaint filed in equity by defendant to this cause against the present plaintiff, and, while the purpose of the bill is not stated in the present complaint, and the prayer for relief is omitted as a part of the exhibit, yet it is reasonably inferable from the averments that are exhibited that they are appropriate and relevant in any equity proceeding, wherein an equitable set-off is sought to·be established.

Based upon the broad principle of public policy, the English courts, deeming the absolute freedom of litigants, counsel, witnesses, and all others required to speak or write in the cause of a judicial proceeding as of paramount importance, do not admit 'that any liability can exist to a civil action to' words, whether spoken or written, in the cause and as a part of such a proceeding. It is a rule of absolute privilege without regard to the pertinency or relevancy of the language used.

■ But in the American courts, by the decided weight of authority, it is held ·that, in order that defamatory words used by the parties, counsel, or witnesses in a judicial proceeding be absolutely privileged, they must be relevant to the subject of inquiry. 36 Corpus Juris, 1251; 17 R. C. L. 335; note, 123 Am. St. Rep. 632, 633; Bussewitz v. Wis. Teachers' Ass'n, 188 Wis. 121, 205 N. W. 808, 42 A. L. R. 873, and note; Hardtner v. Salloum, 148 Miss. 346, 114 So.·621; Myers v. Hodges, 53 Fla. 197, 44 So. 357; ·Moore v. Manufacturers' Nat. Bank, 123 N. Y. 420, 25 N. E. 1048, 1049, 11 L. R. A. 753. The Court of Appeals of New York in the case last cited, has well and concisely stated the American rule and the underlying principle, in the following language:

"There is another class of privileged communications where the privilege is absolute. They are defined in Hastings v. Lusk, 22 Wend. [N. Y.] 410 [34 Am. Dec. 330]. In this class are included slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and are libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action. In questions falling within this absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or, at least, it does not protect slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant."

This court, in its early history, adopted the rule as above announced, and in harmony with the weight of authority in America. Lawson v. Hicks, 38 Ala. 279, 81 Am. Dec. 49. Speaking to this question, the court in this case said:

"Words, calumnious in their nature, may be deprived of their actionable quality by the occasion of their utterance or publication. When this is the case, they are called in the law of defamation privileged communications. These communications are either absolutely or conditionally privileged. When they are absolutely privileged, the law affords conclusive and indisputable immunity from suit. * * *

"To the catalogue of absolutely privileged communications belong all words spoken or written by the court, the parties, or the counsel, in the due course of judicial proceedings, which may be relevant. The relevancy, or pertinency, of the calumnious matter is indispensible to its perfect and absolute freedom from all actionable quality; and being relevant, it can give rise to no civil responsibility, no matter how great the malignity or malice from which it may have originated."

■ The opinion further proceeds to hold that, although the language may be irrelevant, there would still be no liability if the party believed it was relevant, and had reasonable or probable cause to so believe; or, to state it differently, the words used would not be actionable, though irrelevant, unless it affirmatively appears that they were malicious and without reasonable or probable cause. But, with that feature of the discussion, we are not here concerned. Upon the question of relevancy, that is a matter for the determination of the court, and the adjudicated

cases have established a liberal view in the interpretation of the language used, and all doubts are resolved in favor of its relevancy or pertinency. 36 Corpus Juris, 1252; 17 R. C. L. 336.

Illustrative of the liberal interpretation of pleading involving the question of relevancy is the decision of the Minnesota court in Burgess v. Turle & Co., 155 Minn. 479, 193 N. W. 945 (noted in Bussewitz v. Wis. Teachers' Ass'n, supra), where the following rule was stated: "Was the allegation so palpably wanting in relation to the subject matter of the controversy that no reasonable man could doubt its irrelevancy and impropriety?"

And in 17 R. C. L. 336, is the following: "In order that matter alleged in a pleading may be privileged, it need not be in every case material to the issue presented in the pleadings. It must, however, be legitimately related thereto, or so pertinent to the subject of the controversy that it may become the subject of inquiry in the course of the trial." When the matter pleaded is relevant, then, as said by the Idaho court in Carpenter v. Grimes Pass Placer Mining Co., 19 Idaho, 384, 114 P. 42, 46: "The question of intent cannot be inquired into or become an issue where the party had a lawful right to plead the matter either as a part of his cause of action or defense."

Upon the questions herein discussed, the authorities are not in entire harmony (17 R. C. L. 334), and the case of Randall v. Hamilton, 45 La. Ann. 1184, 14 So. 73, 22 L. R. A. 649 (cited by appellant), is from the Louisiana court, which is understood to hold a contrary view. Note, 123 Am. St. Rep. 652. We have stated, however, the majority view, with which this court is in accord.

■ The complaint contains quotations from some three or four paragraphs of the bill in equity with no averment of the purpose of the bill, nor reference to the prayer thereof. With this limited view the court is not enabled to determine with positiveness the question of relevancy. But this was a matter resting upon the plaintiff, and, as previously noted, sufficient averments appear to make it reasonably inferable that this language used was relevant and pertinent to a bill seeking the establishment of an equitable set-off. Clearly, therefore, in such a state of the pleading, a mere general expression in the complaint of irrelevancy, by way of a mere conclusion, will not suffice as against the demurrer directly taking the point.

■ The averments of count 6, to which, on application for rehearing, particular attention is directed, to the effect that defendants knew they had no cause of action and the publication was with such knowledge and for the malicious purpose of injuring the plaintiff, are to be construed merely as charging an evil intent and a bad motive in bringing an unwarranted action, and which, if admitted to inquiry, would render nugatory the absolute privilege granted to a judicial proceeding (36 Corpus Juris, 1253, 1254, and note; Runge v. Franklin, 72 Tex. 585, 10 S. W. 721, 3 L. R. A. 417, 13 Am. St. Rep. 833) and destroy the distinction between a qualified (36 Corpus Juris, 1241) and an absolute privilege (36 Corpus Juris, 1250). The case of Runge v. Franklin, supra, is directly in point.

The cases of White v. Nichols, 3 How. 266, 11 L. Ed. 591, and Dupont Eng. Co. v. N. B. Pub. Co. (D. C.) 13 F.(2d) 186, 198, cited by appellant, did not involve the question of absolute privilege but of a qualified privilege only, though containing expressions unnecessary to a decision, tending in support of appellant's insistence. And while the White Case, supra, was cited with apparent approval in Nalle v. Oyster, 230 U. S. 165, 33 S. Ct. 1043, 57 L. Ed. 1439, yet the holding of the court as to the sufficiency of the pleas to the second count appears to sustain the view of absolute privilege as to judicial proceedings. But a discussion of these and other authorities is unnecessary in view of the holding of this court in Lawson v. Hicks, supra, more than half a century ago, adhering to the principle of absolute privilege, with the limitation of relevancy above noted, which ruling has remained to the present time undisturbed either by judicial decision or legislative enactment.

If, therefore, the rule of absolute privilege is to be adhered to, the above-noted averments do not suffice to state an actionable libel.

■ As to the averments of publication, count 6 charges that the libelous matter was "published by each and every one of said defendants to persons other than the officers and officials of said court wherein said bill of complaint was filed." The authorities recognize there may be an abuse of such privilege and that an action may lie if publication is had on a nonprivileged occasion. 36 Corpus Juris, 1231. But the foregoing averments do not suffice to show an abuse of the privilege, as for aught appearing the only publication for which the defendants were responsible was a result only of the natural consequence of filing the proceedings in a proper court, open of course to public inspection.

In our consideration of the case we have conceded, without deciding, the libelous character of the language used, as it is unnecessary under the conclusion reached to determine that question.

It results that in our opinion the rulings of the court below were free from error, and

the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.