199 So.2d 645

**Doherty C. TONSMEIRE**

v.

**Arthur C. TONSMEIRE.**

1 Div. 363.

Supreme Court of Alabama.

June 1, 1967.

Simon & Wood, Mobile, for appellant.

Ralph Kennamer, Mobile, for appellee.

## HARWOOD, Justice.

In the proceedings below, the plaintiff filed a suit against the defendant claiming damages of one million dollars because of an alleged libel published by the defendant against her.

The complaint was in four counts. A demurrer containing some twelve grounds was filed to the complaint. The court sustained the demurrer whereupon the plaintiff took a non-suit with leave to appeal, etc.

Since the plaintiff and defendant occupy the same positions on this appeal as in the lower court, we will, for convenience, hereinafter refer to the appellant and appellee as plaintiff and defendant.

Count 1 is in code form as provided for in Section 223(17), Title 7, Code of Alabama 1940. The letter containing the alleged libel is set out in toto. It is dated October 17, 1960, and is addressed to "The Rt. Rev. Msgr. Thomas M. Cullen, 404 Government Street, Mobile, Alabama," and is signed by the defendant.

The letter is quite lengthy, and it is apparent from its contents that Father Cullen had theretofore counseled with the plaintiff and defendant in an effort to bring about a reconciliation between them and to mend their marital discord. That these efforts were unsuccessful is evidenced by a later divorce. See Tonsmeire v. Tonsmeire, 273 Ala. 462, 142 So.2d 265.

A portion of the above mentioned letter contains the following statement:

"I did not mention to you (which I now do in strict confidence), and do not intend to make an issue of two different affairs that I know of Dot having had (one with very serious consequences), * * *."

Count 2 is mainly in code form except that only the portion of the letter above set forth is set out and not the entire letter. The count also contains an innuendo to the effect that the statement complained of imputes that the plaintiff, then a married woman, engaged in acts of immorality and is an immoral person. Count 2 further alleges that the letter came to the plaintiff's attention on or about November 1, 1963.

Count 3 is also largely in code form, and sets out the letter in full. It further avers that the defendant caused the letter to be delivered through the mails and published to Father Cullen, and "in addition did maliciously display and publish the said letter to at least two of the sons of plain-

tiff and defendant," with resulting loss by the plaintiff of love and respect of the two sons. This count also avers that the letter came to the attention of the plaintiff on November 1, 1963.

Count 4 avers that the defendant falsely and maliciously published the letter on October 17, 1960, by mailing the same to Father Cullen and also publishing the same to the two sons, and that the letter came to the plaintiff's attention on or about November 1, 1963. This count sets out that portion of the letter charging the two affairs, and also sets forth an additional portion wherein the defendant wrote:

"As I told you, I believe a very unhappy home, built on belligerency, discord and mental and emotional instability can have a more harmful effect on the children than a broken home.

"Of course, at the base of our problem is Dot's refusal to take any sort of psychiatric treatment, * * *."

The count also contains an innuendo alleging that the language imputes immorality to the plaintiff as was set forth in Count 2, and also alleges that the additional language in the count relative to plaintiff's refusal to see a psychiatrist, imputes that the plaintiff was insane or mentally unbalanced.

■ The demurrer was to the complaint as a whole, and not to each count respectively. Therefore if one count of the complaint is good, the demurrer should be overruled, save for misjoinder. Polytinsky v. Lindsey, 21 Ala.App. 128, 106 So. 70; Webb v. Litz, 39 Ala.App. 443, 102 So.2d 915.

The following two code sections in Title 7, Code of Alabama 1940, are to be considered in our present review:

"910. In an action for libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff; and if the allegation be denied, the plaintiff must prove, on the trial, the facts showing that the defamatory matter was published or spoken of him."

■ The above code section has been in seven previous codes, and dispenses with the necessity of setting forth a colloquium as required under appropriate circumstances in earlier common law pleading.

"912. Any words, written, spoken or printed, of any woman, falsely imputing to her a want of chastity, are actionable without proof of special damages."

■ The effect of the above code section is that a charge of a want of chastity on the part of a woman is libelous per se. Cleveland v. Cleveland, 263 Ala. 530, 83 So.2d 281; Marion v. Davis, 217 Ala. 16, 114 So. 357, 55 A.L.R. 171.

Counsel for defendant, however, takes the position that the statements in the letter set forth in the complaint charging the plaintiff with two different affairs, one with very serious consequences, is not libelous per se, in that the statement does not necessarily impute a want of chastity and extrinsic proof would be needed to show that plaintiff had in mind an affair involving a third party, and that the affair was more than merely a platonic association.

Defendant's counsel relied upon Hewitt v. Wasek, 35 Misc.2d 946, 231 N.Y.S.2d 884, wherein the Supreme Court, Chemung County of New York in 1962, held that the spoken words "Ina Hewitt, was keeping company with and having an affair with a married man" were not slanderous per se in the absence of an averment of an innuendo or special damages, in that an "affair" did not necessarily denote sexual intimacy.

However, two years later in Jordan v. Lewis, 20 A.D.2d 773, 247 N.Y.S.2d 650, the Supreme Court, Appellate Division, First Department of New York, held that an oral statement that the plaintiff "has

an affair with Ada, his office assistant" was slanderous per se, since the language used is not susceptible of innocent meaning, and as ordinarily used and understood charges the plaintiff with adultery.

It must be noted that both of the above New York cases deal with slander, and not libel. They are therefore inapt in the present case.

As stated in Marion v. Davis, 217 Ala. 16, 114 So. 357, 55 A.L.R. 171:

"In cases of libel, if the language used exposes the plaintiff to public ridicule or contempt, though it does not embody an accusation of crime, the law presumes damage to the reputation, and pronounces it actionable per se. While to constitute slander actionable per se, there must be an imputation of an indictable offense involving infamy or moral turpitude. Peinhardt v. West, supra (Re Peinhardt v. West); Rice v. Simmons, supra; [2 Harr. (Del.) 417, 31 Am.Dec. 766;] 36 C.J. 1152, § 19; 17 R.C.L. pp. 263, 264, §§ 3 and 4.

\* \* \* \* \* \*

"If the alleged matter is libelous per se, and on its face relates to the plaintiff, innuendos are unnecessary, and can serve no useful purpose. Ex Parte [Peinhardt v.] West, supra; Commons v. Walters, 1 Port. (Ala.) 377, 27 Am.Dec. 635; 17 R.C.L. 396, § 150."

■ Written words, made the basis of an action of libel, are to be construed in accordance with the natural and probable effect upon the mind of an average lay reader. Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441, and cases therein cited.

■ We hold that the words contained in the letter under the above test are libelous per se. Certainly, a charge of plaintiff having had two affairs, *one with serious consequences,* would tend to bring odium or contempt upon the plaintiff in the absence of a forced or strained construction.

Downing v. Wilson, 36 Ala. 717. It is essentially a charge of unchastity, and within the purview of Section 912, supra.

Those grounds of the demurrer asserting in effect that the statement in the letter was not libelous were without merit.

Ground 10 of the demurrer asserts that the complaint is faulty "because it attempts to state a cause of action by innuendo."

■■ It is true that if the alleged defamatory matter does not constitute libel or slander, no words contained in the innuendo can make the language used actionable. Age-Herald Publishing Co. v. Watterman, 188 Ala. 272, 66 So. 16. However, where the writing contains matter libelous per se, an innuendo is wholly immaterial and surplusage. Peinhardt v. West, 217 Ala. 12, 115 So. 88.

Grounds 4 and 6 of the demurrer assert that the cause of action was barred by the statute of limitations.

■ Even though a complaint at law shows on its face that the cause of action is barred by the statute of limitations, such defense cannot be asserted by demurrer. It must be specially pleaded. Ellis v. Black Diamond Coal Mining Co., 265 Ala. 264, 90 So.2d 770; Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76.

Ground 3 of the demurrer asserts that the letter, the basis of the cause of action, "is a confidential letter from the husband of plaintiff to a Priest of the Catholic Church and the statements contained therein are absolutely privileged against an action of defamation."

■ In defamation, the only absolutely privileged communications are those made in the course of legislative or judicial proceedings, and acts of state made under authority of law. See 33 Am.Jur. Libel and Slander, Sec. 125.

■ While the letter may have been conditionally or qualifiedly privileged, such

is not shown affirmatively in the complaint, and where a complaint does not affirmatively show the publication to be privileged, the privilege relied on must be specially pleaded with an appropriate denial of actual malice. Ferdon v. Dickens, 161 Ala. 181, 49 So. 888; Peinhardt v. West, 217 Ala. 12, 115 So. 88.

■ Our conclusion is that all of the counts in the present complaint, being substantially in code form, were sufficient, and the lower court erred in sustaining the demurrer thereto.

While other grounds are asserted in support of the demurrer, what we have written above disposes of the merit of all such additional grounds.

It follows, therefore, that the non-suit will be here set aside, and the demurrer to the complaint set aside, and the cause remanded for a new trial in conformity with this opinion. White v. Birmingham Post Co., 233 Ala. 547, 172 So. 649.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.