ALBERTA A. CUDDY vs. HOWARD KUEKER & others. April 3, 1979. The plaintiff appeals from the dismissal of her original and amended complaints attempting to assert against multiple defendants claims of malicious prosecution, abuse of process, civil conspiracy and publication of defamatory matter. The complaints were correctly dismissed for the reasons now particularized.

1. *Claims against Howard Kueker.* All the claims against this defendant were dismissed pursuant to motions brought under Mass.R.Civ.P. 12(b)(5), 365 Mass. 755 (1974), on the ground of insufficiency of service of process. Both the notice of appeal, Mass.R.A.P. 3(c), 365 Mass. 846 (1974), and the statement of issues presented for review, Mass.R.A.P. 16(a)(2), 365 Mass. 861 (1974), indicate that an appeal was not taken from the judgment entered after the allowance of the rule 12(b)(5) motion. Accordingly, no issue has been preserved for appellate review on this question.

2. *Claims against Jerome A. McCusker and Bertha Sandler.* The claims asserted against these defendants were all dismissed pursuant to motions brought under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), for failure to state a claim. (*a*) The claims alleging publication of defamatory matter (count 2 of the original complaint and count 1 of the amended complaint) reveal on their face that the defendants were protected by the absolute privileges accorded to a witness and her lawyer in a proposed judicial proceeding. *Laing* v. *Mitten*, 185 Mass. 233, 235 (1904). *Sheppard* v. *Bryant*, 191 Mass. 591, 592 (1906). *Mezullo* v. *Maletz*, 331 Mass. 233, 236 (1954). *Sriberg* v. *Raymond*, 370 Mass. 105 (1976). *Kipp* v. *Kueker, ante* 206 (1979). See Restatement (Second) of Torts §§ 586, 588 (1976). (*b*) The claims alleging malicious prosecution (count 1 of the original complaint and count 2 of the amended complaint) overplead, and reveal on their face that no prosecution was ever instituted by the defendants against the plaintiff because no criminal complaint was ever signed by the defendant Sandler. In the circumstances pleaded, there could be no liability as a matter of law on these claims. *Smith* v. *Eliot Sav. Bank*, 355 Mass. 543, 548 (1969). Restatement (Second) of Torts §§ 653, 654, Comments c & d (1976). (*c*) The claims alleging abuse of process (count 3 in both complaints) also overpleaded, and reveal on their faces that there could be no liability as matter of law on these claims because no criminal process was ever issued. *Jones* v. *Brockton Pub. Mkt., Inc.*, 369 Mass. 387, 389-390 (1975), and cases cited. (*d*) The claims alleging civil conspiracy (count 4 in both complaints) fail for the same reasons, and because of the authority set forth in *Cuddy* v. *Sweeney, ante* 880 (1979).

3. *Claims against partners of Cohn, Reimer and Pollack.* All of the claims against the remaining defendants, the partners of Cohn, Riemer and Pollack, were properly dismissed for the reasons set forth in *Kipp* v. *Kueker, supra* at 212-213.

4. The complaints could not be considered appropriate for further

amendment. (See and compare *Balsavich* v. *Teamsters Local 170*, 371 Mass. 283, 287-288 [1976]).

*Judgments affirmed.*

*Joseph H. Walsh* for the defendants.
*Thomas M. Simmons*, for the plaintiff, submitted a brief.