**Rouzbeh MAZANDERAN, Appellant,**

v.

**James P. McGRANERY, Appellee.**

**No. 83–1325.**

District of Columbia Court of Appeals.
Argued Sept. 20, 1984.
Decided. Sept. 28, 1984.*

* This decision was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

Jules Fink, Washington, D.C., with whom Hillel Abrams was on the brief, for appellant.

Roger E. Warin, Washington, D.C., for appellee.

Before PRYOR, Chief Judge, and NEBEKER and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

Appellant challenges the court's grants of summary judgment in favor of both appellee McGranery and his law partners in an action for defamation and libel. He also contests a summary judgment grant in favor of appellee on a malicious prosecution count. Finding no error, we affirm.

On August 5, 1980, appellee wrote a letter to the Public Vehicles Division of the D.C. Department of Mass Transportation, complaining about the allegedly abusive behavior of appellant, a taxi driver, during a dispute the preceding evening. The letter, written on the letterhead stationery of appellee's law firm, described the incident and requested that appellant's license be revoked. Appellee also raised a question as to the driver's immigration status. Copies of the letter were sent to the Immigration and Naturalization Service ("INS") and a District of Columbia police officer who had been called to the scene of the incident involving appellant and appellee. Judge Doyle granted a motion for summary judgment on the issue of the partnership liability on February 24, 1982, stating that the dispute which formed the basis of the lawsuit was solely a personal one between appellant and appellee McGranery in his individual capacity. Thereafter, appellant filed a supplemental complaint against appellee McGranery, alleging malicious prosecution. On September 27, 1983, Judge Gardner granted a motion for summary judgment in favor of McGranery on all counts, and appellant appealed.

■■■ Appellee's letter to the Public Vehicles Division served as a formal complaint against appellant, as a result of which the Hacker's License Appeal Board conducted a hearing. It is well-settled that defamatory statements published incidental to judicial proceedings are absolutely privileged, providing the statements are relevant to the proceeding. *See, e.g., Brown v. Collins,* 131 U.S.App.D.C. 68, 71, 402 F.2d 209, 212 (1968). The application of absolute privilege has been extended to encompass quasi-judicial proceedings conducted

by administrative bodies, such as the Hacker's Board. *See, e.g., Bleecker v. Drury,* 149 F.2d 770 (2d Cir.1945). Recently, this court further expanded the scope of the privilege to cover even arbitration proceedings conducted in the private sector. *See Sturdivant v. Seaboard Service System, Ltd.,* 459 A.2d 1058 (D.C.1983). We therefore hold that the letter to the Hacker's Board comes squarely within the ambit of absolute privilege.

■ The publication by copy to the police officer and the INS was also absolutely privileged. District of Columbia law recognizes that absolute privilege applies to "witness briefings ... and the like." *Brown v. Collins, supra,* 131 U.S.App.D.C. at 72, 402 F.2d at 213. An independent absolute privilege exists with respect to information furnished to the INS concerning matters within its jurisdiction. *See In re Quarles,* 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080 (1895).

■ Appellant finally claims that the trial court erred in its dismissal of the malicious prosecution count, incorporated into its order for summary judgment in favor of appellee McGranery. District of Columbia law requires a plaintiff to prove that he suffered "special injury" to sustain an action for malicious prosecution. *Ammerman v. Newman,* 384 A.2d 637, 641 (D.C.1978). Special injury has been defined to include such harm as arrest, seizure of property, or injury "which would not necessarily result in suits to recover for like causes of action." *Id.* at 639. Appellant's complaint alleged only that "he was subjected to indignity and humiliation, pain and distress of mind and body, and was prevented from attending to his usual business, was subjected to substantial expense in defending himself before the Board and his good name and reputation in the community were injured thereby." These damage claims do not rise to the level of special injury; thus appellant failed to plead a necessary element of malicious prosecu-

tion. *See Ammerman v. Newman, supra,* 384 A.2d at 639.

*Affirmed.*