496 So.2d 726 (1986)
Howard S.J. WALKER, Jr.
v.
Fletcher H. MAJORS, Jr.
84-1023, 84-1068.
Supreme Court of Alabama.
October 3, 1986.
*727 Irvin J. Langford of Howell, Johnston & Langford, Mobile, for appellant.
Philip H. Partridge and R. Alan Alexander of Brown, Hudgens, Richardson, Mobile, for appellee.
MADDOX, Justice.
These consolidated appeals arise out of a defamation case, and the legal issue presented is whether the trial court erred in initially granting summary judgment on plaintiff's claim for punitive damages and in later granting summary judgment as to the entire claim. In deciding these issues, we need only to determine whether the alleged defamatory material was made in connection with a judicial proceeding and was, therefore, absolutely privileged. We hold that it was absolutely privileged, and affirm the judgments in both appeals.
Walker, the plaintiff, owned, with his brother, a parcel of land in Dallas County. In 1983, Majors, a real estate agent, contacted Dr. Walker about selling the land. After talking to his brother, Dr. Walker allegedly stated to Majors that they would sell for $570,000.
Operating under a 30-day, exclusive, oral listing agreement, Majors contended that he procured two purchasers for the subject property.[1] When the Walker brothers refused to sell the property and to pay Majors the commission he claims was due under the agreement, Majors returned the earnest money checks of the prospective purchasers. Enclosing the checks, Majors wrote letters to each of the purchasers on March 22, 1984, requesting that they keep the checks on file so they might be used as evidence, if necessary. Copies of these letters were sent to the offices of plaintiff/appellant *728 and also to the offices of Rhett P. Walker, M.D., plaintiff/appellant's brother, and to Irvin J. Langford, who subsequently became the attorney handling this lawsuit. The portions of the letters to which Walker objected and, upon which he based his claim for defamation in this lawsuit, stated:
"I am filing suit against the Walkers for the breach of their contract with me and to recover for the damages I have suffered as a result of their fraudulent conduct." (Emphasis supplied.)
Shortly thereafter, on March 23, 1984, Majors filed suit against the Walker brothers in the Circuit Court of Dallas County, asserting claims for breach of contract and fraud. On or about June 12, 1984, Majors received letters from appellant Walker's counsel demanding retraction of the allegedly defamatory matter pursuant to Code 1975, § 6-5-186. In response to the demand by Walker's attorney, Majors published what he claimed was a retraction, dated June 13, 1984, pursuant to Code 1975, § 6-5-186, and sent it to the same persons to whom the letters of March 22, 1984, had been sent. Majors stated the following:
"It was not my intention in my said letter to `charge' that the Walkers `had been guilty of fraudulent conduct.' However, since my intention seems to have been misconstrued, I do hereby expressly retract any such `charges' of `fraudulent conduct' on the part of either Dr. Howard S.J. Walker, Jr., or Dr. Rhett P. Walker in my said letter by inference, innuendo, or otherwise."
Thereafter, on June 21, 1984, appellant Walker filed his original complaint in this cause in the Circuit Court of Mobile County against Majors, seeking damages for defamation. Walker amended his complaint on October 3, 1984, to include claims for punitive damages.
The cause came on for trial on June 10, 1985. A jury of twelve was struck, and in taking up pretrial legal matters, the trial judge entertained argument on Major's motion to strike the plaintiff's amended complaint seeking punitive damages, and granted the motion to strike. The judge made this ruling final pursuant to Rule 54(b), Ala.R.Civ.P. Upon considering Walker's request for a continuance of the trial so that he could appeal to this Court from the order striking that amendment, the trial judge granted a continuance; Walker appealed. (Case 84-1023).
On June 27, 1985, Majors filed a motion for summary judgment as to the defamation claim. After hearing oral argument on that motion, the trial judge entered an order granting Majors's motion for summary judgment as to all claims on July 10, 1985. From that order, Walker appealed. (Case 84-1068). We entered an order consolidating both appeals.
We will examine whether the granting of summary judgment was appropriate. We must apply our well settled standard of review in summary judgment proceedings, that is, the evidence will be viewed in the light most favorable to the nonmoving party, here, the plaintiff, Carlton v. Owens, 443 So.2d 1227, 1230 (Ala.1983), and the judgment will be affirmed only if there was no genuine issue of material fact and the movant, here, the defendant, was entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.

Case 84-1023
Because we hold that the alleged defamatory matter was absolutely privileged, under the facts of this case, we need not discuss whether the trial court properly struck the amendment seeking punitive damages. Because our determination in Case 84-1068 of this opinion renders moot the allegation of error in this regard, the trial court's order striking the punitive damages amendment is affirmed.

Case 84-1068

A.
We now show that the letters written to the prospective buyers, with copies going to the Walkers and their counsel, were absolutely privileged, and that plaintiff's cause was due to be dismissed. O'Barr v. Feist, 292 Ala. 440, 445, 296 So.2d 152, 156 (1974). Walker contends, however, that *729 the letters written by Majors to the two prospective buyers cannot be absolutely privileged because they were not written in the course of a judicial proceeding, because the action was not filed until the day after the letters were sent.
Majors contends otherwise, and urges that we adopt the standard presented in the Restatement (Second) of Torts § 587 (1977):
"A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." (Emphasis added.)
The current standard and the rationale behind the privilege have been well explained in O'Barr v. Feist, as well as in other cases:
"`There is another class of privileged communications where the privilege is absolute. They are defined in Hastings v. Lusk, 22 Wend. [N.Y.] 410, 34 Am. Dec. 330. In this class are included slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and ... libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action. In questions falling within this absolute privilege the question of malice has no place. However malicious the intent, or however false the charge may have been, the law, from considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander. This privilege, however, is not a license which protects every slanderous publication or statement made in the course of judicial proceedings. It extends only to such matters as are relevant or material to the litigation, or, at least, it does not protect slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not reasonably have supposed to be relevant.'"
O'Barr v. Feist, 292 Ala. at 446, 296 So.2d at 157, quoting Moore v. Manufacturers' National Bank, 123 N.Y. 420, 25 N.E. 1048, 1049 (1890).
Comment (e) to Restatement § 587 (regarding statements made preliminary to trial) states:
"As to communications preliminary to the proposed judicial proceeding, the rule stated in this section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for a defamation when the possibility is not seriously considered."
Whether a defamatory publication made before the commencement of an action in court is absolutely privileged when made with some relation to a contemplated proceeding is a question of first impression in Alabama, but we note some similarity between this case and our recent case of Webster v. Byrd, 494 So.2d 31 (Ala.1986). There, this Court held that a termination letter sent to the dean of the college, the attorney for the college, the business manager of the college, and a technical instructor at a college, which notified him of the grounds for his termination, was absolutely privileged because it commenced a quasi-judicial proceeding.
We have examined cases from other jurisdictions, and we are of the opinion that the trend and the weight of authority is toward adopting the rule as set out in the Restatement. See, Hagendorf v. Brown, 699 F.2d 478, 480 (9th Cir.1983), modified 707 F.2d 1018 (9th Cir.1983); Borg v. Boas, 231 F.2d 788, 794 (9th Cir.1956); Asay v. Hallmark Cards, Inc., 594 F.2d 692, 697 (8th Cir.1979) (attorney's preliminary comments); Brown v. Collins, 402 F.2d 209, 212-13 (D.C.Cir.1968); Chicarelli v. Plymouth *730 Garden Apartments, 551 F.Supp. 532, 541 (E.D.Pa.1982); Lewis v. Elliott, 628 F.Supp. 512, 516 (D.D.C.1986); Chard v. Galton, 277 Or. 109, 559 P.2d 1280, 1282 (1977); Cuddy v. Kueker, 7 Mass.App. 896, 387 N.E.2d 213, 214 (1979); Green Acres Trust v. London, 142 Ariz. 12, 25, 688 P.2d 658 (1983) aff'd in part, vacated in part, 141 Ariz. 609, 688 P.2d 617 (1984); Irwin v. Cohen, 40 Conn.Supp. 259, 490 A.2d 552, 555 (1985); Lerette v. Dean Witter Organization, Inc., 60 Cal.App.3d 573, 576-78, 131 Cal.Rptr. 592, 594-95 (1976); Mazanderan v. McGranery, 490 A.2d 180, 181 (D.C.App. 1984); Pasadena Petroleum Corp. v. Hughes, 216 Cal.App.2d 666, 672, 31 Cal. Rptr. 87 (1963); Robinson v. Home Fire & Marine Ins. Co., 242 Iowa 1120, 49 N.W.2d 521, 527 (1951); Smith v. Hatch, 271 Cal. App.2d 39, 76 Cal.Rptr. 350, 354-55 (1969) (citing numerous cases); Sriberg v. Raymond, 370 Mass. 105, 108-09, 345 N.E.2d 882, 883 (1976); Sturdivant v. Seaboard Service System, Ltd., 459 A.2d 1058, 1059 (D.C.App.1983); Triester v. 191 Tenants Association, 272 Pa.Super. 271, 415 A.2d 698, 702 (1979); Twelker v. Shannon & Wilson, Inc., 88 Wash.2d 473, 564 P.2d 1131, 1133 (1977) (witness given absolute privilege for preliminary statements).
In this case it is undisputed that a copy of the letter by Majors was sent to Walker's present counsel. In the letter, Majors requested that the checks not be destroyed, and the letter was written on the day before the suit was filed; consequently, the communication was directly related to the contemplated judicial proceeding and therefore was absolutely privileged. We need not discuss when and under what circumstances letters such as those written here might not be privileged.

B.
Because we affirm the order of the trial court granting summary judgment on the basis that the letters were absolutely privileged, we do not reach the issue of whether they were qualifiedly privileged.
The law on privilege in Alabama has been restated several times, and we summarize it again, as we did in Webster v. Byrd. In defamation actions, the only absolutely privileged communications recognized under the law are those made during legislative or judicial proceedings (or, in such situations as that dealt with in Webster v. Byrd, quasi-judicial proceedings), or contained in legislative acts of this state which are made under authority of law. O'Barr v. Feist, 292 Ala. 440, 445, 296 So.2d 152, 156 (1974); Tonsmeire v. Tonsmeire, 281 Ala. 102, 106, 199 So.2d 645, 648 (1967); Browning v. Birmingham News, 348 So.2d 455, 458 (Ala.1977); Mead Corporation v. Hicks, 448 So.2d 308, 313 (Ala.1983). It is equally well-established that whether the communication was privileged or not by reason of its character, or the occasion on which it was made, is a question of law to be decided by the court. O'Barr v. Feist, supra, Kenney v. Gurley, 208 Ala. 623, 627, 95 So. 34, 38 (1923); Interstate Electric Co. v. Daniel, 227 Ala. 609, 613, 151 So. 463, 466 (1933). Finally, the issue of the relevancy of the communication is a matter for the determination of the court, and the adjudicated cases have established a liberal view in the interpretation of the language used, and all doubts are resolved in favor of its relevancy or pertinence. O'Barr v. Feist, supra; Adams v. Alabama Lime and Stone Corp., 225 Ala. 174, 176-77, 142 So. 424, 425 (1932).
Based on the foregoing, we are of the opinion that judgments entered in these consolidated appeals are due to be, and they hereby are, affirmed.
84-1023 AFFIRMED.
84-1068 AFFIRMED.
ALMON, ADAMS, HOUSTON, and STEAGALL, JJ., concur.
TORBERT, C.J., JONES and SHORES, JJ., concur specially.
BEATTY, J., not sitting.
JONES, Justice (concurring specially).
I agree with the opinion, but I write separately to make one additional point. *731 Privileged or not, Majors's letters advising the addressees that he was "filing a suit against the Walkers ... for [his] damages... as a result of their fraudulent conduct," do not, under the circumstances of this case, support an action for defamation.
TORBERT, C.J., and SHORES, J., concur.
NOTES
[1] The record indicates that there was disagreement between the agent and the sellers on the nature of the alleged bargain. Walker contended there were unacceptable conditions contained in the alleged bargaining, but we need not consider that factual dispute because it is not necessary to a resolution of this controversy.