STEVEN TANNENBAUM *vs.* ALBERT E. GRADY.

Middlesex. October 6, 1992. - December 3, 1992.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Publication of Name or Picture. Practice, Civil,* Discovery.

An attorney who, in response to interrogatories propounded by the oppos-
ing party in a civil action, truthfully disclosed that he had consulted a
certain potential expert witness concerning the case did not thereby in-
cur liability to the expert under G. L. c. 214, § 3A, for unauthorized
use of his name "for the purposes of trade" [718], or under G. L. c.
93A, the Consumer Protection Act [719].

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 6, 1989.

The case was heard by *Patrick F. Brady,* J.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Robert Snider* for the plaintiff.

*Michael S. Callahan* for the defendant.

NOLAN, J. In an action filed in the Superior Court, the
plaintiff sought damages against the defendant pursuant to
G. L. c. 214, § 3A (1990 ed.), and G. L. c. 93A, § 11 (1990
ed.), for the unauthorized use of his name. The case was
tried without a jury. The trial judge found that the plaintiff
was a professor of toxicology at Massachusetts Institute of
Technology. The defendant is a trial attorney who represents
plaintiffs in personal injury actions. In 1983, the defendant
filed a complaint in behalf of numerous plaintiffs (personal
injury action), alleging that they had contracted certain seri-
ous diseases because of exposure to a chemical waste site. In
the course of that litigation, the defendant's law office an-
swered interrogatories which sought the names of experts
whom he expected to call and the substance of, and the

grounds for, the experts' opinions. In response, the defendant declared that he had not decided which experts he would call in the personal injury action. However, the defendant did respond that he had consulted with the plaintiff.

The judge specifically found that the defendant and several attorneys in his office had spoken on the telephone to the plaintiff and to his assistant concerning the case and had sent informational material to the plaintiff at his request. Ultimately, the plaintiff was not retained as an expert; in fact, his assistant was retained by the defense in the personal injury action. The judge found in favor of the defendant. We affirm the judgment.

1. *G. L. c. 214, § 3A.* This statute provides in material part: "Any person whose name . . . is used . . . for the purposes of trade without his written consent may bring a civil action . . . and may recover damages for injuries sustained . . . ." It is clear that, when the defendant responded truthfully to an interrogatory that he had consulted with the plaintiff, he did not use such name "for the purposes of trade" as that term is used in the statute. It may be too much to say that the defendant was compelled to disclose the plaintiff's name. However, in pursuit of compliance with the spirit of full discovery promoted by the Massachusetts Rules of Civil Procedure (see Mass. R. Civ. P. 26 [b] [4], 365 Mass. 772 [1974]), the defendant's disclosure of the plaintiff's name is hardly blameworthy or actionable. See *Ager* v. *Jane C. Stormont Hosp. & Training Sch.*, 622 F.2d 496, 501 (10th Cir. 1980).

In this connection, we are not oblivious to the potential abuse for which such disclosure may be used. It is all too clear that the use of prominent names in a specialty implicated in a case may be useful in forcing a settlement. An expert should be protected from such exploitation if he has been a stranger to the litigation. However, the plaintiff here was no stranger to the litigation because he and his assistant had discussed the case with the defendant and with the attorneys in the defendant's law office and even expressed an interest in it.

2. *Consumer protection statute.* The plaintiff argues that the defendant's use of the plaintiff's name in responding to interrogatories was an unfair and deceptive action in violation of G. L. c. 93A, §§ 2, 11. This argument cannot stand in the face of the judge's finding that the defendant's disclosure that he consulted with the plaintiff was truthful and accurate despite the plaintiff's argument that the defendant's response was false and inaccurate.

*Judgment affirmed.*