SUPERIOR COURT 
 
 SUSAN LEAVITT v. WELCH & FORBES, LLC

 
 Docket:
 2184CV00187-BLS2
 
 
 Dates:
 May 4, 2022
 
 
 Present:
 Kenneth W. Salinger Justice of the Superior Court
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM AND ORDER ON DEFENDANT’S MOTION TO DISMISS
 
 

             Susan Leavitt claims that Welch & Forbes, LLC, mismanaged the assets of two trusts of which she is a beneficiary and her personal investment account. She asserts claims under the Federal Securities Act of 1933 and the Massachusetts Uniform Securities Act, and for breach of fiduciary duty, negligent misrepresentation, breach of contract, unjust enrichment, and conversion. Welch & Forbes has moved to dismiss all claims under Mass. R. Civ. P. 12(b)(6).
            The Court will dismiss the two securities claims, because the facts alleged do not plausibly suggest that Welch & Forbes sold or offered to sell any securities to Ms. Leavitt. But it will deny the rest of the motion to dismiss, as the complaint states viable common law claims.
            1. Legal  Standard.  To survive  a  motion   to  dismiss  under   Rule  12(b)(6), a complaint must allege facts that, if true, would “plausibly suggest[] … an entitlement to relief.” Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
            The Court must assume the allegations in the complaint are true and draw “every reasonable inference in favor of the plaintiff[s]” from those allegations. Rafferty v. Merck & Co., Inc., 479 Mass. 141, 147 (2018). In so doing, however, it must “look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief.” Maling v. Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 473 Mass. 336, 339 (2015), quoting Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). In other words, the Court must accept as true only the facts alleged in the complaint, not any “legal conclusions cast in the form of factual allegations.” Sandman v. Quincy Mut. Fire Ins. Co., 81 Mass. App. Ct. 188, 189 (2012).
 
                                                            -1-
 
            2. Securities Act Claims. In Counts I and II, Leavitt asserts claims under the Federal Securities Act of 1933 and the parallel provision in Massachusetts Uniform Securities Act (“MUSA”). These statutes impose liability on any person or entity who “offers or sells a security” by making a false statement or by omitting to disclose some material fact. See 15 U.S.C. § 77I(a)(2); G.L. c. 110A, § 410(a)(2).
            To state such a claim, a plaintiff must allege facts plausibly suggesting (among other things) the defendant offered or sold a security to the plaintiff. See Pinter
v. Dahl, 486 U.S. 622, 643–644 (1988); Marram v.  Kobrick Offshore Fund,  Ltd., 442 Mass. 43, 52 (2004).
            Welch & Forbes correctly notes that neither the cash it transferred to Leavitt’s account or to Leavitt, nor the investment accounts of Leavitt and the Trusts as a whole, constitute “securities” as that term is defined in these statutes. Leavitt does not disagree.
            Leavitt instead points to her allegations that Welch & Forbes bought securities for and sold securities from her account and the Trust accounts. But Leavitt does not allege that she or the Trusts ever bought securities from Welch & Forbes. And the allegations that Welch & Forbes sold securities that were owned by Leavitt or one of the Trusts do not suffice to state a claim under these securities fraud statutes.
            It is not enough to allege that the defendant offered or sold a security to someone else, because to state a claim under these statutes a plaintiff must allege facts suggesting that they bought a security “from” the defendant. See 15 U.S.C. § 77I(a)(2); G.L. c. 110A, § 410(a)(2). This “narrows the field of potential sellers” that may be sued under either statute to those from whom the plaintiff bought a security. Pinter, supra  at  643  &  n.21;  see  also  Marram,  442 Mass. at 50-51 (since MUSA “is almost identical with” parallel provisions in the Federal Securities Act of 1933, Pinter and other decisions construing the federal statute provides useful guidance on how to construe and apply MUSA).
            Similarly, the allegations that Welch & Forbes bought securities on behalf of or for her account and the Trust accounts does not implicate these securities laws, because they do not plausibly suggest that Welch & Forbes offered or sold securities to Leavitt or the Trusts. See Ryder Intern. Corp. v. First Amer. Nat. Bank, 943 F.2d 1521, 1530–1531 (11th Cir. 1991) (under Pinter, bank that acted as
 
                                                            -2-
 
buyer’s agent in purchasing securities could not be liable as offeror or seller under Securities Act of 1933).
            3. Alleged Implausibility of the Allegations. Welch & Forbes contends that the remaining claims must be dismissed because Leavitt’s “central narrative” and key factual allegations “are utterly implausible.” This argument misconstrues the legal standard for seeking dismissal under Rule 12(b)(6), as established in Twombly, 550 U.S. at 557, and adopted under Massachusetts law in Iannacchino, 451 Mass. at 636.
            The question on a Rule 12(b)(6) motion to dismiss is not whether the facts alleged are plausible. The question is whether the facts alleged, if true, plausibly suggest that plaintiff is entitled to relief. Id. In deciding such a motion a court must “accept as true the allegations in the complaint, draw every reasonable inference in favor of the plaintiff, and determine whether the factual allegations plausibly suggest an entitlement to relief under the law.” Barbuto v. Advantage Sales & Mktg., LLC, 477 Mass. 456, 457–58 (2017).
            The Court must assume that the facts alleged in a complaint are true even if they are “doubtful in fact.” Iannacchino, 451 Mass. at 636, quoting Twombly, 550 U.S. at 555. A court cannot dismiss claims because it thinks the plaintiff’s factual allegations are unbelievable. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (under Twombly, “[n]on-conclusory factual allegations in the complaint must … be treated as true, even if seemingly incredible”).
            So long as the facts alleged in a complaint plausibly suggest that the plaintiffs may be able to prove their claims, the complaint is not subject to dismissal even if the allegations appear to be “unrealistic,” “improbable,” “nonsensical,” or even “extravagantly fanciful.” See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (“To be clear, we do not reject these bald assertions on the ground that they are unrealistic or nonsensical. … It is the conclusory nature of [the plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.”); Twombly, 550 U.S. at 556 (“[A] well- pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable.”).
            “Put another way, Twombly and Iqbal expressly declined to exclude even outlandish allegations from a presumption of truth except to the extent they resembled a ‘formulaic recitation of the elements of a ... claim’ or other legal conclusion.” Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016),
 
                                                            -3-
 
quoting Iqbal, supra, quoting in turn Twombly, 550 U.S. at 555. And Iannacchino adopted the same standard under Massachusetts law.
            4. Substantive Arguments.
            4.1. Adequacy of Disclosures. Welch & Forbes is not entitled to dismissal of this action based on its assertion that it gave Ms. Leavitt actual notice of all material facts.
            Welch & Forbes contends that it sent quarterly and annual statements to Ms. Leavitt that fully disclosed all activity in her account, this gave Leavitt actual notice of the information she now contends was withheld from her, Leavitt ratified the transactions she now challenges by not taking timely action after receiving this actual notice, and this actual notice also triggered the running of the statute of limitations so that her claims are all time-barred.
            These arguments fail because other facts alleged in the complaint plausibly suggest that the account statements did not suffice to give Ms. Leavitt actual notice of the material facts. Leavitt alleges that she had very limited investment experience, never understood her account statements, and repeatedly informed Welch & Forbes in writing that she did not understand the statements. Leavitt also alleges that she suffered a traumatic brain injury in 2015, has had cognitive limitations ever since, and notified Welch & Forbes of her diagnosis—and that as a result Welch & Forbes knew or should have known that Leavitt could not understand the statements it kept sending her.
            If a Massachusetts fiduciary sent an English-speaking client disclosures or reports that were written in Greek, the beneficiary responded by saying they did not understand because “It’s Greek to me!”, and the fiduciary kept on sending disclosures in Greek, then the disclosures would not serve to give the beneficiary actual notice of anything. Much the same is true here, accepting the facts alleged by Leavitt to be true, as the Court must at this stage of the case.
            The fact that an investment management firm has sent period statements to a client does not automatically establish that the client had actual notice of any information contained in the statements; if the client did not understand the statements, as Ms. Leavitt alleges here, then they cannot be said to have been put on notice of anything contained in them.  See  Birch  v. Arnold  & Sears,  288 Mass. 125, 136 (1934) (findings that plaintiff “was densely ignorant of matters relating to the making of investments” and did not understand nature of transaction conducted on her account by investment manager established
 
                                                            -4-
 
that confirmation slips did not put plaintiff on notice of nature of transactions); see also Riley v. Presnell, 409 Mass. 239, 246 (1991) (cause of action has not accrued if plaintiff suffered “an injury to the mind” that prevented them from realizing they were harmed, even if plaintiff was aware of all material facts).
            4.2. Investment Discretion. Welch & Forbes is also not entitled to dismissal of any claims on the theory that it had absolute and unfettered discretion to manage Ms. Leavitt’s account, was free to ignore her instructions to buy certain stocks or to maintain a particular allocation of her investments among stocks and bonds, and by contract cannot be held liable for exercising its broad investment discretion.
            Welch & Forbes points to language in its written agreement with Leavitt stating that (i) Leavitt was giving Welch & Forbes “full discretion as to all investments decisions … except as we may agree otherwise in writing,” and (ii) Welch & Forbes “shall not be liable for any error of judgment” so long as it acted in good faith and in a manner consistent with its fiduciary duty.
            As to the first of these points, concerning the scope of Welch & Forbes’s discretion, the parties were free to make an oral amendment to Ms. Leavitt’s instructions even though the agreement specified that any changes had to be in writing. Under Massachusetts law, a contract may be modified orally even if it specifies that a modification must be in writing. See, e.g., Cambridgeport Sav. Bank v. Boersner, 413 Mass. 432, 439 (1992); First Pennsylvania Mortg. Trust v. Dorchester Sav. Bank, 395 Mass. 614, 625 (1985).
            Leavitt alleges that she changed her instructions, and stopped giving Welch & Forbes full discretion to manage her account as it saw fit, by directing the firm to follow certain investment guidelines. She also alleges that Welch & Forbes continued to manage her account after receiving those new instructions. These allegations plausibly suggest that the parties amended their contract.
            Parties to a contract may modify their agreement by mutual assent and either consideration or detrimental  reliance.  See  Okerman  v.  VA  Software  Corp.,  69 Mass. App. Ct. 771, 781 (2007) (“A valid contract modification requires mutual assent and consideration.”); Johnny's Oil Co. v. Eldayha, 82 Mass. App. Ct. 705, 714 (2012) (“Detrimental reliance on an offer or promise … is a substitute for consideration.”). Under Massachusetts law a contract modification “may be express or implied.” Cochran v. Quest Software, Inc., 328 F.3d 1, 9 (1st Cir. 2003); accord, e.g., Parker v. EnerNOC, Inc., 484 Mass. 128, 132
 
                                                            -5-
 
(2020) (modification of fully integrated written contract may be inferred from parties’ conduct and surrounding circumstances).
            Assent to a contract modification “can be inferred by a party’s conduct.” Okerman, supra. The allegations that Leavitt gave new investment instructions, and that thereafter Welch & Forbes continued to work for and on behalf of Leavitt, plausibly suggest that Welch & Forbes assented to a modification of its contract, and that this contract change was supported by adequate consideration in the form of Welch & Forbes’ continuing compensation. Cf. Gishen v. Dura Corp., 362 Mass. 177, 183 (1972) (where employer gave salesperson notice of lower commission rates going forward, and salesperson continued to work for company, there was both consideration and assent for modification of employment contract).
            As a result, the “full discretion” provision does not automatically bar Leavitt’s claims as a matter of law.
            As to the second of these points, concerning the contractual limitation of liability, Leavitt has alleged facts plausibly suggesting that Welch & Forbes took actions and engaged in conduct that was inconsistent with its fiduciary duty to her. If so, then the limitation of liability provision would not apply.
            4.3. Other Arguments. The Court has considered the other arguments made by Welch & Forbes, and concludes that they do not provide any basis for dismissing Leavitt’s common law claims.
ORDER
            Defendant’s motion to dismiss is allowed in part with respect to Plaintiff’s claims under the Federal Securities Act of 1933 and the Massachusetts Uniform Securities Act in Counts I and II, which are hereby dismissed with prejudice. The motion is denied in part with respect to Plaintiff’s other claims.
 
@/s/Kenneth W. Salinger Justice of the Superior Court
 
@May 4, 2022
 
                                                            -6-
 
xxz