NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1267

ROBERT M.A. NADEAU & another[1]

vs.

NANCY MADORE PRATT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Engaged in a Maine civil action, the plaintiffs, Robert M.A. Nadeau and the Committee to Re-Elect Judge Robert Nadeau (Nadeau), filed a complaint in the Massachusetts Superior Court against the defendant, Nancy Madore Pratt (Pratt), seeking to compel a deposition. Pratt filed a counterclaim and amended counterclaim (counterclaims) alleging abuse of process, and Nadeau filed two motions to dismiss. Two different judges denied Nadeau's motions to dismiss the counterclaims. Following two jury trials on the abuse of process counterclaims, a second jury awarded Pratt damages exceeding $170,000, and Nadeau appealed. Because Nadeau's motions to dismiss pursuant to Mass.

_____

[1] Committee to Re-Elect Judge Robert Nadeau.

R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), should have been allowed, we vacate the judgment.

Background.  We distill a lengthy procedural background to the essential points.  Robert Nadeau served as an elected judge in Maine.  Following an election defeat on November 8, 2016, Nadeau filed a civil complaint in Maine against Travis Lovejoy (Maine litigation).  In connection with the Maine litigation, Nadeau desired to take the deposition of Pratt, who resided in Massachusetts.  After an agreement on the deposition could not be reached, Nadeau filed a complaint against Pratt on April 10, 2017, in the Superior Court pursuant to G. L. c. 223A, § 11.  Under that statute, a Massachusetts judge "may order. . . testimony . . . for use . . . outside [the] commonwealth."  Id.

On May 4, 2017, Pratt filed a counterclaim that alleged Nadeau has been a party in over twenty lawsuits in the last decade, has sued Pratt on two prior occasions, and "continues to use his law license and all the trusts that come with it, to terrorize people."  She claimed that the only purpose in prior litigation has been harassment.  Pratt asked that Nadeau be required to submit all questions in writing and obtain judicial approval before Pratt is required to respond.  She also sought sanctions for the time spent in responding to Nadeau's request for a deposition.

2

On August 30, 2017, Nadeau filed a motion to dismiss the counterclaims. Citing Mass. R. Civ. P. 12 (b) (6), he argued that the first counterclaim "essentially sounds in the nature of an abuse of process claim and fails to state a claim upon which relief can be granted." He further argued that Pratt "is unable to sustain an abuse of process claim at this time, if ever." Nadeau supplemented the record with a letter rogatory signed by a Maine Superior Court judge who authorized the deposition of Pratt and requested assistance of Massachusetts judges: "The justices and judges of the Courts of the states in which those deponents reside are hereby requested to facilitate the taking and completion of those depositions to the extent their assistance may be required." Nadeau also moved to dismiss Pratt's counterclaims pursuant to the anti-SLAPP statute, G. L. c. 231, § 59H (strategic litigation against public participation).

On November 17, 2017, the first Massachusetts judge dismissed Nadeau's complaint seeking to compel the deposition and denied Nadeau's motions to dismiss the counterclaim. Nadeau did not appeal the denial of the anti-SLAPP special motion to dismiss.

Nadeau filed a motion for reconsideration and a request to report a question to the Supreme Judicial Court. He argued that

the dismissal of his complaint and the denial of his motions to dismiss are inconsistent with Mass. R. Civ. P. 26 (b) (1), 365 Mass. 772 (1974). He asserted, "The scope of discovery is broad, by rule, with the clear purpose of enabling parties in litigation to obtain information in the full and fair preparation of parties' cases." He emphasized that depositions "are a general right of parties in litigation, and a respected means of promoting the acquisition of relevant information in aid of due process, namely, a full and fair trial." The first judge denied this motion in an endorsement order.

In the meantime, Pratt filed an amended counterclaim and alleged a long history of Nadeau initiating baseless litigation against Pratt and others for the purpose of harassment. Pratt further alleged that the request for the deposition was "improper" and constituted an "illegal attempt to compel a 'witness' to incriminate herself." Pratt also referenced a book in which she detailed Nadeau's litigation tactics that resulted "in a punitive effect for his opponents whether he wins or loses." Pratt asserted that Nadeau is "well known for his excessive pleadings, misrepresentations and abuses of the discovery process." Pratt sought the denial of the request for a deposition, a finding that Nadeau acted in bad faith, and a

4

sanction against Nadeau for sixty-four hours of work Pratt expended in her pro se opposition.

In response to the amended counterclaim, Nadeau filed a second motion to dismiss under Mass. Civ. P. R. 12 (b) (6), for failure to state a claim. He disputed Pratt's allegations but argued that even if the allegations were true and he harbored an "ulterior motivation" to conduct a deposition, "his effort to seek this Court's authorization to depose her relative to the Maine litigation" cannot "support an abuse of process cause of action." The first judge took no action on the second motion to dismiss. One and one-half years later, on June 21, 2019, on the eve of trial, a second judge denied Nadeau's second motion to dismiss. Following a retrial on the issue of damages, a second jury returned a verdict in favor of Pratt, and a judgment entered exceeding $170,000. Nadeau filed a timely notice of appeal.

Discussion. In reviewing whether a complaint states a claim under Mass. R. Civ. P. 12 (b) (6), "we accept as true the allegations in the complaint, draw every reasonable inference in favor of the plaintiff, and determine whether the factual allegations plausibly suggest an entitlement to relief under the law." Barbuto v. Advantage Sales & Mktg., LLC, 477 Mass. 456, 457-458 (2017). A claim for abuse of process is properly

5

dismissed where "there could be no liability as a matter of law." Cuddy v. Kueker, 7 Mass. App. Ct. 896, 897 (1979). "We review the denial of a motion to dismiss de novo." Pettiford v. Branded Mgt. Group, LLC, 104 Mass. App. Ct. 287, 290 (2024).

"[T]raditionally, discovery activities have not provided grounds for abuse of process actions in Massachusetts. Cases recognizing abuse of process claims have been limited to three types of process: writs of attachment, the process used to institute a civil action, and the process related to bringing criminal charges" (citations omitted). Alphas Co. v. Kilduff, 72 Mass. App. Ct. 104, 115 (2008). An "abuse of process claim, aimed at curtailing discovery activities, would be inconsistent with the spirit of Mass. R. Civ. P. 26 (b) (1), 365 Mass. 772 (1974), which affords broad latitude in the discovery of relevant information and is not limited to the issues raised in the pleadings or to the merits of the case." Id. at 116. See Sullivan v. Chief Justice for Admin. & Mgt. of Trial Court, 448 Mass. 15, 33 n.11 (2006) ("discovery, by its nature, is quite broad"); Carr v. Howard, 426 Mass. 514, 528 (1998) (scope of discovery "is broad"); Tannenbaum v. Grady, 413 Mass. 717, 718 (1992) ("spirit of full discovery promoted by the Massachusetts Rules of Civil Procedure").

Accepting the allegations in the counterclaims as true, we conclude that Pratt lacked any "entitlement to relief under the law" on an abuse of process cause of action in the context of a discovery dispute.  Barbuto, 477 Mass. at 458.  Nadeau filed his complaint against Pratt in Massachusetts for the purpose of obtaining "[j]udicial assistance," Matter of a R. I. Select Comm'n Subpoena, 415 Mass. 890, 895 (1993), in securing deposition "testimony . . . for use . . . outside this commonwealth," G. L. c. 223A, § 11, in the pending Maine litigation.  The animating purpose of the statute is comity that promotes respect for foreign jurisdictions, encourages reciprocal assistance, and facilitates the administration of justice.  By invoking the statute and seeking judicial assistance in obtaining the deposition testimony of Pratt, Nadeau attempted to employ one of many discovery tools made available to all civil litigants.  See Mass. R. Civ. P. 30, as appearing in 489 Mass. 1401 (2022).  While protective orders relating to such discovery may always be sought, Mass. R. Civ. P. 26 (c), as amended, 474 Mass. 1401 (2016), Pratt did not have an independent cause of action for abuse of process. See Alphas, 72 Mass. App. Ct. at 115-116.  Pratt's counterclaims for abuse of process necessarily lacked an "entitlement to relief under the law."  Barbuto, supra at 458.  An abuse of

7

process claim is properly dismissed where, as here, "there could be no liability as a matter of law." Cuddy, 7 Mass. App. Ct. at 897. Therefore, Nadeau's motions to dismiss under Mass. R. Civ. P. 12 (b) (6) should have been allowed.

Conclusion. The judgment in favor of Pratt on her counterclaims is vacated, and the orders denying Nadeau's motions to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6) are reversed. The case is remanded to the Superior Court for entry of a judgment dismissing Pratt's counterclaims with prejudice. The appeal from the order dismissing Nadeau's complaint to compel deposition testimony is dismissed, not on the merits but because it is moot given the termination of the underlying Maine litigation. Nadeau's request for an award of costs is denied.

So ordered.

By the Court (Blake, Walsh & Hodgens, JJ.[2]),

Clerk

Entered: October 22, 2024.

---

[2] The panelists are listed in order of seniority.

8